IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SALEEM NURIDDIN ABDULLAH a/k/a: DAVID MANUEL ZOLTAR | * | |
| Plaintiff | * | |
| v | * | Civil Action No. PJM-11-567 |
| DIVISION OF CORRECTION and WARDEN | * | |
| | * | |
| Defendants | | |

\*\*\*

# MEMORANDUM

The above-captioned case was filed using pre-printed forms for a civil rights complaint filed pursuant to 42 U.S.C. §1983. ECF No. 1. Saleem Abdullah claims his release was ordered by the Circuit Court for Baltimore City in 2004 and seeks enforcement of that order. *Id*. The pleading shall be construed as a Petition for Writ of Habeas Corpus and dismissed as successive.[1] Abdullah previously challenged the same convictions at issue here and the Court dismissed the petition as untimely on January 29, 2010. *See Zoltar v. Shearin*, Civil Action No. PJM-09-1943 (D. Md.) (ECF No. 20 and 21).

Under 28 U.S.C. § 2244, a petitioner may only file a second or successive habeas corpus petition if he has first moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir.1996). The pending application is successive; therefore, before the Court may consider it, the United States Court of Appeals for the Fourth Circuit must enter an order

---

[1] The court notes that Abdullah has, on more than three prior occasions, filed a civil action that was dismissed as frivolous and he is currently banned from filing civil claims in forma pauperis absent a showing of imminent physical harm. *See Abdullah v. Director of Medical Services*, Civil Action No. AMD-96-3777 (D. Md.); *Abdullah v. Supervisors*, Civil Action No. AMD-96-3950 (D. Md.); and *Abdullah v. All Medical Professionals*, Civil Action No. AMD-97-3850 (D. Md.).

authorizing the Court to do so. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Because it does not appear that Plaintiff has complied with this "gatekeeper" provision, his pending application for habeas corpus relief must be dismissed pursuant to 28 U.S.C. § 2244(b)(3).

The United States Court of Appeals for the Fourth Circuit has set forth instructions for the filing of a motion to obtain the aforementioned authorization order. The procedural requirements and deadlines for filing the motion are extensive. Consequently, the Court attaches hereto a packet of instructions promulgated by the Fourth Circuit which addresses the comprehensive procedure to be followed should Abdullah wish to seek authorization to file a successive petition. It is to be emphasized that Abdullah must file the motion with the Fourth Circuit and obtain authorization to file his successive petition before this court may examine his claims.

A separate Order construing the Complaint as a Petition for Writ of Habeas Corpus and dismissing it without prejudice follows. A certificate of appealability is denied because it cannot be demonstrated that jurists of reason would find it debatable whether (1) the pleading states a valid claim of denial of a constitutional right and (2) the district court was correct in this procedural ruling. *See Rose v. Lee*, 252 F. 3d 676, 684 (4th Cir. 2001) *quoting Slack v. Daniel*, 529 U.S. 473, 484 (2000).

March 16, 2011

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE